IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA HILL-WILLIAMS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 2:23-cv-02382-SHL-cgc |
| | ) | |
| KENNETH NELSON, | ) | |
| Respondent. | ) | |

---

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING AMENDED § 2254 PETITION WITH PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Before the Court is the pro se amended petition under 28 U.S.C. § 2254 of Petitioner

Joshua Hill-Williams, Tennessee Department of Correction ("TDOC") prisoner number 555454,

an inmate incarcerated at the West Tennessee State Penitentiary (the "WTSP") in Henning,

Tennessee.[1]  (ECF No. 8.)  Respondent has filed a motion to dismiss the petition. (ECF No. 13.)

---

[1] When Petitioner filed his § 2254 petition, he was confined at the Riverbend Maximum
Security Institution ("RMSI") in Nashville, Tennessee.  (ECF No. 1 at PageID 1.)  According to
the TDOC Felony Offender Information website, Petitioner is presently confined at the WTSP.
See https://foil.app.tn.gov/foil/search.jsp (last accessed May 30, 2025).

The Clerk is **DIRECTED** to modify the docket to record Respondent as Johnny Fitz, the
Warden at the WTSP, and to terminate Kenneth Nelson as a party to this action.  See Fed. R.
Civ. P. 25(d); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (explaining that "in habeas
challenges to present physical confinement . . . the default rule is that the proper respondent is
the warden of the facility where the prisoner is being held").  The Clerk is further **DIRECTED**
to update Petitioner's address on the docket and to mail this order to:

Joshua Hill-Williams
TDOC #555454
P.O. Box 1150
Henning, TN 38041-1150

Petitioner did not file a response.  Because the amended § 2254 petition is time-barred, it is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On July 17, 2015, a jury convicted Petitioner of first-degree murder, in violation of Tennessee Code Annotated § 39-13-302.  (ECF No. 11-1 at PageID 269–70.)  The state trial court sentenced Petitioner to life imprisonment.  (Id. at PageID 270.)  The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of conviction.  State v. Hill-Williams, No. W2015-01743-CCA-R3-CD, 2017 WL 1907735, at *13 (Tenn. Crim. App. May 9, 2017).  The Tennessee Supreme Court denied Petitioner's application for discretionary review on August 18, 2017.  (ECF No. 11-16 at PageID 1410.)  Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.  (ECF No. 8 at PageID 173.)

Petitioner filed a pro se state petition for post-conviction relief on August 16, 2018.[2] (ECF No. 11-17 at PageID 1443–47.)  Petitioner filed an amended petition through appointed counsel on April 24, 2019.  (Id. at PageID 1452–53.)  Petitioner also filed an addendum to the amended petition on October 7, 2019.  (Id. at PageID 1454–55.)

The state post-conviction trial court held an evidentiary hearing and denied relief in a written order.  (Id. at 1456–75.)  Petitioner appealed the denial of post-conviction relief to the TCCA, and the TCCA affirmed the judgment of the post-conviction trial court.  Hill-Williams v. State, No. W2021-00090-CCA-R3-PC, 2021 WL 5983924, at *6 (Tenn. Crim. App. Dec. 17,

---

[2] This is the date that Petitioner signed his petition and placed it in the prison mail system.  (ECF No. 11-17 at PageID 1447); see Edmonston v. State, No. M2020-01110-CCA-R3-PC, 2022 WL 517356, at *4 (Tenn. Crim. App. Feb. 22, 2022) (explaining that "a post-conviction petition prepared by an incarcerated pro se litigant is deemed timely 'if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing'") (quoting Tenn. R. Sup. Ct. 28 § 2(G)).  The Shelby County Criminal Court Clerk received the petition on August 28, 2018.  (ECF No. 11-17 at PageID 1439.)

2021).  The Tennessee Supreme Court denied Petitioner's application for discretionary review on April 13, 2022.  (ECF No. 11-24.)

Petitioner filed his initial § 2254 petition on June 13, 2023.[3]  (ECF No. 1 at PageID 59.) Because he did not properly use the form published by the Administrative Office of the United States Courts, on August 8, 2023, he was ordered to file an amended petition.  (ECF No. 7.)  He filed the amended petition on September 8, 2023 (ECF No. 8), and the Respondent was ordered to file the state court record and a response to the amended § 2254 petition (ECF No. 9).  On December 2, 2024, Respondent filed the state court record (ECF No. 11) and a motion to dismiss (ECF No. 13).  Petitioner did not file a response, and the time to do so has expired. (See ECF No. 9 at PageID 233–34 (citing Fed. R. Civ. P. 5(e)).)

## ANALYSIS

In the Motion to Dismiss, Respondent argues that the Court need not address the merits of Petitioner's habeas claims because the initial § 2254 petition was untimely, and the amended petition is likewise time barred.  (ECF No. 13-1 at PageID 1675–79.)

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

_____

[3] This is the date Petitioner signed his initial § 2254 petition and placed it into the prison mail system.  (See ECF No. 1 at PageID 59 (Petitioner's signature page to the § 2254 petition, dated June 13, 2023); see also ECF No. 1-3 (June 13, 2023, RMSI mailroom outgoing mail stamp).)  Under the "prison mailbox rule," and the Sixth Circuit's subsequent extension of that rule to civil actions by pro se prisoners, a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court via first-class, postage-prepaid mail.  Houston v. Lack, 487 U.S. 266, 270 (1988); Richard v. Ray, 290 F.3d 810, 812–13 (6th Cir. 2002).

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[4]

Petitioner's direct appeal concluded on August 18, 2017, when the Tennessee Supreme Court denied Petitioner's application for discretionary review.  (ECF No. 11-16 at PageID 1410.) The limitations period was then tolled 90 days—until November 17, 2017—during which time Petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court.  See Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) ("[U]nder § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired.").  However, Petitioner did not do so.

The statute of limitations resumed running the next day, on November 18, 2017. See Fed. R. Civ. P. 6(a)(1)(A) (providing that "[w]hen the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period").  Petitioner is considered to have filed his state habeas petition on August 16, 2018.  (See ECF 11-17 at PageID 1447 (date of filing of memorandum of law in support of petition for post-conviction relief).)  By that time,

---

[4] Under § 2244(d)(1), the limitations period begins to run from the latest of the four specified circumstances.  In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final.

271 days of the one-year limitations period had elapsed.  That filing, however, paused the limitations period.  <u>See</u> § 2244(d)(2).

The state post-conviction proceedings concluded on April 13, 2022, when the Tennessee Supreme Court denied post-conviction discretionary review.  (ECF No. 11-24.)  The limitations period resumed on April 14, and it expired 93 days later on July 16, 2022.  Because the last day of the limitations period fell on a Saturday, it continued "to run until the end of the next day that [was] not a Saturday," resulting in a deadline of Monday, July 18, 2022.  Fed. R. Civ. P. 6(a)(C). The initial § 2254 petition, which Petitioner declared that he placed in the prison mail system on June, 13, 2023, was filed almost a year after the limitation's period had expired and is time barred.  (<u>See</u> ECF No. 1 at PageID 59.)

The one-year limitations period is subject to equitable tolling.  <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010).  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  <u>Id.</u> at 649 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).  The doctrine of equitable tolling should be applied only "sparingly."  <u>Robertson v. Simpson</u>, 624 F.3d 781, 784 (6th Cir. 2010).  The petitioner carries the burden of showing that he is entitled to equitable tolling.  <u>Allen v. Yukins</u>, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner neither directly addresses the untimeliness of his § 2254 petition—which was filed nearly one year after the statute of limitations expired—nor does he address whether equitable tolling should apply.  (<u>See</u> ECF No. 8 at PageID 184.)  Moreover, Petitioner did not file a response to Respondent's motion to dismiss, demonstrating a failure to show diligence in pursuing federal habeas rights.  The Sixth Circuit has declined to apply equitable tolling based on the petitioner's failure to show diligence where the petitioner offered no reason for waiting

eleven months before filing his federal habeas petition.  McClendon v. Sherman, 329 F.3d 490, 495 (6th Cir. 2003).  Here, too, Petitioner has failed to show that equitable tolling of the limitations period is warranted.[5]

## CONCLUSION

Because Petitioner's § 2254 Petition is time barred, and he is not entitled to equitable tolling, the § 2254 petition is **DISMISSED WITH PREJUDICE**.

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see Dennis v. Burgess, 131 F.4th 537, 539 (6th Cir. 2025).  A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

---

[5] The limitations period may also be "overcome" through a "gateway" claim of actual innocence.  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  Petitioner, however, fails raise a credible claim of actual innocence that would entitle him to equitable tolling of the limitations period.  (See ECF No. 8 at PageID 184.)  With the benefit of liberal construction, Petitioner's statement that he has a constitutional right "not to be in fear [for his] life by the v]ictim," who "threaten[ed] the [l]ife of the Petitioner with the Petitioner's own gun," is a claim of self-defense that Petitioner advanced at trial.  (See id.)  The Sixth Circuit has refused to apply equitable tolling based on actual innocence where the petitioner's self-defense argument "rests upon asserted legal innocence," not factual innocence.  Harvey v. Jones, 179 F. App'x 294, 299 (6th Cir. 2006) (internal citation omitted).

6

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484. Because jurists of reason would not debate this resolution of Petitioner's claims, this Court **DENIES** a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>, the prisoner must file his motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith. Leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> is **DENIED**.[6]

**IT IS SO ORDERED** this 6th day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. <u>See</u> Fed. R. App. P. 24(a)(5).